UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY DEL VALLE, Individually and
on behalf of others similarly situated,

    Plaintiff,

vs.                                        CASE NO.:

C & S PLASTICS, INC.,
a Florida Profit Corporation, and
CHRIS COOPER, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY DEL VALLE, Individually and on behalf of others similarly situated, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, sues the Defendants, C & S PLASTICS, INC., a Florida Profit Corporation, and CHRIS COOPER, Individually, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, ANTHONY DEL VALLE ("DEL VALLE"), is a resident of Polk County, Florida at all times material and worked for Defendants in this Judicial District during the

applicable statute of limitations.

4. Defendant, C & S PLASTICS, INC., is a Florida Profit Corporation, authorized and doing business in this Judicial District.

5. Defendant, C & S PLASTICS, INC., is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. Defendant, CHRIS COOPER, was an officer, director, manager, owner, and/or operator of Defendant, C & S PLASTICS, INC., and was directly involved in the day-to-day operations of C & S PLASTICS, INC., had direct responsibility for the supervision of Plaintiffs, as well as control over the compensation paid to Plaintiffs, and individually implemented, approved, and/or ratified the unlawful pay practices alleged herein, and therefore, is individually liable for the violations of law complained of herein pursuant to the FLSA.

7. At all times material herein, Plaintiffs were non-exempt employees of Defendants, pursuant to 29 U.S.C. § 203(e)(1).

8. Plaintiffs were employees of Defendants pursuant to 29 U.S.C. § 203(e)(1), Defendants were Plaintiffs' employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

9. Defendants are employers within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

10. Plaintiff, ANTHONY DEL VALLE, was employed with Defendants from approximately 2017 to November 13, 2020 as a full-time Line Operator earning approximately $16.50 per hour.

11. In this role, Plaintiff worked in excess of forty (40) hours per work week for approximately three (3) years, for which he was not compensated by Defendants at a rate of time and one half his regular hourly rate.

12. Unless Defendant Cooper pre-approved and authorized the payment of overtime, Plaintiff, and all other non-exempt, similarly situated employees, were not paid overtime at the rate of time and one half their regularly hourly rates, even though Plaintiff, and others similarly situated, regularly and routinely worked off the clock both prior to and before their shifts for which they were not properly paid, could not seek approval due to the continuous production-based nature of Defendants' operations, and Defendants' knowledge, both direct and constructive, of Plaintiff and others similarly situated working in excess of 40 hours per work week

13. Plaintiff estimates that he and others similarly situated worked approximately 2.5 hours per work week off the clock, for which they were not compensated at the rate of time and one half their regular rates of pay.

## COUNT I
### (Fair Labor Standard Act - Overtime)

14. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

15. The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

16. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

17. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

18. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, ANTHONY DEL VALLE, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
### (Fair Labor Standards Act – Collective Action)

19. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

20. The claim for violation of the FLSA is brought pursuant to 19 U.S.C.§ 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

21. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals

at the rate of time and one-half their regular rates of pay for the hours worked over forty (40) in a work week.

22. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants nationwide as non-exempt manufacturing employees and/or similar positions during the applicable statute of limitations, who have not been compensated at one and a half times their regular rates of pay for all work performed in excess of forty (40) hours per work week, and for Defendants' failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each work week.

23. Treatment of this case as a collective action is proper because all employees employed as manufacturing employees, or similar positions were subject to the same improper pay practices, time keeping requirements, and other policies alleged herein.

24. Plaintiff and the class he seeks to represent are similarly situated, were subject to substantially similar time-keeping requirements and pay provisions, utilized the same time-keeping system, and were subject to Defendants' common practice, policy or plan of failing to keep accurate records and failing to pay overtime in violation of the FLSA.

25. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

26. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

27. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and

attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, ANTHONY DEL VALLE, on behalf of himself and all others similarly situated, respectfully request all legal and equitable relief allowed by law including designation of this action as a collective action on behalf of Plaintiff and all others similarly situated, judgment against Defendants for overtime compensation, liquidated damages, and reasonable attorney's fees and costs incurred, prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

28. Plaintiff requests a jury trial on all issues so triable.

Dated this 30th day of November, 2020.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary:  miguel@fgbolaw.com
Secondary:  gina@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Attorney for Plaintiff